## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

SHEM MORGAN,                          *
                                      *
                Petitioner,           *
                                      *
v.                                    *         CASE NO. 4:07-CV-127 (CDL)
                                      *
DONALD BARROW,                        *         Habeas Corpus Petition
                                      *
                Respondent.           *

## <u>REPORT AND RECOMMENDATION</u>

Before the court is Respondent's Motion to Dismiss Petition As Untimely, filed on

October 24, 2007. (R-7). Petitioner was notified of his right to file a response to

Respondent's Motion, but instead, filed an out-of-time Motion to Amend his petition, which

was denied by the court. On October 23, 2000, Petitioner pled guilty to felony murder and

was sentenced to life in prison.[1]  (Resp. Exh. 6, p. 262). More than two and a half years

later, on March 25, 2003, Petitioner filed a Motion for Out-of-Time Appeal. (Resp. Exh. 7).

Thereafter, on August 14, 2003, Petitioner filed a state habeas petition in the Superior Court

of Calhoun County which, after hearing, was denied on October 18, 2004. (Resp. Ex. 1, 3).

The Georgia Supreme Court denied Petitioners' application for certificate of probable cause

to appeal on March 28, 2006.  (Resp. Ex. 4).  The Georgia Supreme Court thereafter denied

Petitioner's Motion for Reconsideration of the previous Order on April 13, 2006.  (Resp.

---

[1]Petitioner was originally charged with malice murder, felony murder, three counts of aggravated
assault, and possession of a firearm during the commission of a crime.  Upon entry of his guilty plea to
felony murder, the remaining charges were nolle prosequi.

Exh. 5,6). On August 17, 2007, Petitioner filed the current application for federal habeas relief. (R-1).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d

1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of

Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas

petition may not be filed more than one year from the "date on which the judgment becomes

*final." Id.* at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has
> expressly defined when a conviction becomes "final," albeit
> prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479
> U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated:
> "By *final,* we mean a case in which a judgment of conviction
> has been rendered, that availability of appeal exhausted, and the
> time for a petition for certiorari elapsed or a petition for
> certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708
> (emphasis added).

*Id.* at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C.

§ 2244(d). Pursuant to O.C.G.A. § 5-6-38, the Petitioner had thirty days from the date of his

conviction in which to file a notice of appeal. Petitioner pled guilty and was sentenced on

October 23, 2000, and, thus, had until November 23, 2000, to file a motion to withdraw his

guilty plea or a discretionary appeal with the Georgia Court of Appeals. Having failed to file

a direct appeal in that time, the AEDPA one-year period of limitation, within which

Petitioner could have filed a federal application for *writ of habeas corpus* pursuant to 28

U.S.C. § 2254, began to run on November 24, 2000, and ran until November 23, 2001, which

was 30 days after his guilty plea and the time for which filing notice of appeal expired.

Petitioner's Motion for Out-of-Time Appeal, filed in March of 2003, therefore,

followed the expiration of the AEDPA statute of limitations by more than two years. It

follows, then, that Petitioner's state habeas petition filed on August 14, 2003, also followed

the expiration of the AEDPA statute of limitations by more than two years and, as such, failed to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 10th day of December, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw